HON. RICHARD E. BURNS Supervisor, Town of New Castle
We acknowledge receipt of your letter in relation to the Village and Town of Mt. Kisco. The village lay in two towns in Westchester County, namely, the Town of New Castle and the Town of Bedford, and by following the procedure prescribed in Town Law Article 5 (§§ 73 through 79), as advised in our informal opinion published in 1975 Op. Atty. Gen 195 (a copy of which is enclosed for your reference) a new town, named the Town of Mt. Kisco, was created with boundaries coterminous with the Village of Mt. Kisco and under those sections of the law, on January 1, 1978, the exercise of governmental functions by the new Town of Mt. Kisco will commence. Under Town Law § 10 all towns in the County of Westchester are towns of the first class, so the new Town of Mt. Kisco is also a town of the first class.
You inquire "whether or not electors in the Village of Mt. Kisco (which on January 1, 1978 will become the Town of Mt. Kisco) will be eligible to vote in the November Town election."
As will appear from the following discussion registered voters living in the Village and Town of Mt. Kisco may vote in the biennial town election to be held on November 8, 1977 for town officers of the new Town of Mt. Kisco. They may not vote for town officers of the Town of New Castle or the Town of Bedford.
Town Law § 73, subdivision 5 provides in part, that if a majority of the votes cast at the referendum on the proposition to create a new town be in the affirmative, the proposition shall be adopted and the town or towns shall consist of the territory as so altered or divided.
In our opinion, under the provisions of Town Law § 73, subdivision 5, the creation of the new town from parts of the two existing towns and the coincident reduction in the geographic area of each of those two existing towns became effective when the proposition was passed and town offices of the new town were created. It is our understanding that the referendum on that question passed in November, 1975.
However, in our opinion, although the new town has been created and the two towns from which it was created have been diminished in area, the provisions of Town Law § 74, subdivision 2 require that for the purpose of the exercise of governmental functions the former governmental structure continues in the original geographic areas through December 31, 1977; but, because new offices have been created, namely, the offices for the new town, those offices, pursuant to Public Officers Law §30, subdivision 2 forthwith became vacant for the purpose of an election which will be held at the first biennial election following the creation of the new town, i.e., on November 8, 1977; and Town Law §74, subdivision 2 requires that elective officers of the new town be elected on November 8, 1977.
The general election in 1977 is the time when town councilmen in the new Town of Mt. Kisco will be first elected after Town Law § 24 takes effect in that town because it has just been created. Thus, two councilmen should be elected in 1977 for two-year terms and two for four-year terms. It is our opinion, therefore, that those persons residing in the new Town of Mt. Kisco may vote in the general town election on November 8, 1977 but may not vote for town officers of the Town of New Castle or the Town of Bedford.